RICAUD et al. v. AMERICAN METAL CO., Limited, et al.

(Circuit Court of Appeals, Fifth Circuit. April 18, 1918.)

No. 2750.

INTERNATIONAL LAW ⊧ⁿ10—RELATION BETWEEN STATES.

    Bullion seized and sold in Mexico by direction of the Carranza government for the benefit of its army cannot be recovered from the purchaser by the prior owner in the courts of the United States.

⊧ⁿFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the El Paso Division of the Western District of Texas; Thomas S. Maxey, Judge.

Suit in equity by the American Metal Company, Limited, and others, against Eduardo Ricaud, L. C. Barlow, and Charles Hickerson. Decree for complainants, and defendants appeal. Reversed.

See, also, 246 U. S. 304, 38 Sup. Ct. 312, 62 L. Ed. ——.

Frank E. Hunter, of El Paso, Tex., for appellants.

U. S. Goen and R. C. Walshe, both of El Paso, Tex., for appellees.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge. After this case was submitted, we certified to the Supreme Court questions touching the jurisdiction of the District Court and of the Circuit Court of Appeals, and as to the effect of the recognition by the United States of the Carranza government of Mexico. These questions having been answered, affirming the jurisdiction of both the District Court and the Circuit Court of Appeals (see opinion of Mr. Justice Clarke in Eduard Ricaud, L. C. Barlow, and Charles Hickerson v. American Metal Company, Ltd., 246 U. S. 304, 38 Sup. Ct. 312, 62 L. Ed. ——), and as we find that under the evidence in the record in September, 1913, Gen. Pereyra, commanding officer of the Carranza revolutionary forces, seized the bullion involved in this case, and afterwards sold the same to the defendant Ricaud, who resold to the defendant Barlow, and that the proceeds of the sale were devoted to the purchase of arms, ammunition, food, and clothing for the troops of the said Gen. Pereyra, and that in the transaction Gen. Pereyra represented and acted for the revolutionary government of General Carranza, which government has since been recognized by the United States as the de facto and de jure government of Mexico, and as we further find that under these circumstances the title asserted by the American Metal Company in this case cannot be recognized nor established in the courts of the United States (see No. 268, Henry A. Oetjen v. Central Leather Co., and No. 269, Henry A. Oetjen v. Central Leather Co., 246 U. S. 297, 38 Sup. Ct. 309, 62 L. Ed. ——, recently decided), we think it is clear the decree of the District Court was erroneous, and should be reversed.

It is therefore ordered and adjudged that the decree of the District Court entered in this case be reversed, and the cause remanded, with instructions to enter a decree dissolving and vacating the injunction therein issued and dismissing the bill; all costs of the Supreme Court, this court, and of the District Court to be paid by the American Metal Company, Limited.